The Chancellor.
On the 1st of August, 1832, Roswell L. Colt leased mill lot No. 2, on the upper canal at Paterson, with the privilege of drawing and using a foot square of water, to Caleb M. Godwin and one John Benson, then and still partners, under the name and firm of Benson and Godwin, for twenty-one years, at the rent of $1200, payable quarter-yearly. The business of the said partnership was the conducting of a cotton mill on the said lot, by means of the water power and the use of machinery in the mill. After the making of the lease, Colt conveyed the lot, buildings and privileges to the Society for Useful Manufactures, and at the same time assigned to them the said lease.
On the 6th of October, 1834, Caleb M. Godwin, one of the partners, being indebted to the Mechanics’ Bank of Paterson in *335 $6060, gave to them his bond for that sum; and to secure the same, he, with his wife, executed a mortgage of the same date, to the said Bank, on certain lots in Paterson and on his interest in the said cotton mill and the machinery therein.
The bill is tiled for the foreclosure of this mortgage, and the sale of Godwin’s interest in the said mill and machinery, that is to say, of bis partnership interest in the said lease and machinery. It prays for a sale of the mortgaged premises, and that, from the proceeds of the sale, the complainants may be paid, principal and interest.
I see no objection to the relief prayed by this- bill; the mortgagees are certainly entitled to have the mortgage foreclosed, and the mortgaged premises sold, that is, the interest of the partner Godwin in this partnership property. I do not see that, under this bill and the prayer of it, the court have now any thing to do with the question what will be the effect of such sale, and what interest the purchaser will acquire. But tile complainants, in their bill, claim that they are entitled to have the interest of Godwin sold for the payment of their mortgage, free from any claim for rent accrued since the date of their mortgage: and the Society for Useful Manufactures, to whom Colt, the lessor, conveyed the reversion and assigned the lease, have put in an answer, stating, that on the 1st of February, 1840, (the bill was filed in July, 1840,) there was due to them from Benson and Godwin, for rent in arrear, $3082 19; (there appears to he now duo them for rent in arrear upwards- of $2600;) and they insist, in their answer, that the rent in arrear is a lien on all the goods and chattels of Benson and Godwin on the demised premises, notwithstanding the complainants’ mortgage; and that no decree should be made for the sale of the said goods, till the lessees, or the complainants, pay the Society the rent in arrear; or that if a decree be made, it should bo so made that the arrears of rent bo paid out of the proceeds, with all rent which shall accrue up to the removal of the goods from the premises ; and insisting, further, that if the complainants have, under the said mortgage from Godwin alone, acquired any interest in the goods, yet, inasmuch as they took the same as security for an individual debt of Godwin, such interest is subject to the liability of said-goods for the partnership debts of. Benson and *336 Godwin. The Society deny all knowledge of the complainants’ mortgage' till after the filing of the billand insist further, that the mortgaged property being personal, whatever conveyance thereof Godwin made to the complainants was unaccompanied With possession, either actual or constructive, and was without any notice to them, and void as against them, they being creditors of Benson and Godwin ; and that the complainants having left the goods in the possession and use of Benson and Godwin, on the demised premises, without giving to the Society, the landlords, any notice of their claim, and having allowed Benson and Godwin to use the property as their own, and to exercise acts of absolute Ownership over it, it would be unjust to the Society, if the interest which Godwin had in the property at the time of the assignment of the lease, should be relieved from liability for rent which has accrued to the Society, for the enjoyment of the demised premises in running and using the same machinery and property thereon. And the Society further insist, that if the complainants’ claim shall be decreed to be valid and to pass the title to said machinery and goods out of Godwin to the complainants, then the complainants, by keeping it on the premises? have, for the purposes of rent, become the assignees of Godwin, of the said term in the demised premises, and have been and are the tenants of the Society with the said Benson, and have thus subjected the said machinery and goods to liability for rent.
I think the state of these pleadings shows that the court might, with propriety, decline now to act, further than to make a decree for the sale' of the mortgaged property, as prayed by the bill, and -leave the parties, beyond that, to the operation and effect of the law applicable to the subject. Indeed I do not see what other decree the court can make'. Can we say that the rent shall be paid out of the proceeds of the sale of Godwin’s partnership interest in these goods? What is his interest? And, from the liability of partnership property to the payment, first, of partnership debts, how could we say that the rent should be paid out of his interest alone, when the interest of Benson in the same goods is equally liable for the rent? On the other hand, how can we say, under the prayer for the sale of God-win’s interest in these goods, which is a partnership interest, *337 subject to tbs debts of the firm,, and without knowing how the firm stands, or what debts they owe, or when they accrued, order Godwin’s individual half of these goods to be sold, free from all debts of the firm, and the proceeds to be applied to pay the complainants’ demand against Godwin as an individual? But if it will be of any service to the parties, 1 am willing to express an opinion on the questions which wore presented and argued by the counsel.
The first ground taken by the complainants’ counsel is, that on the forfeiture of a mortgage of personal property, the mortgagee becomes the absolute owner, and may recover the property by replevin; and that as in New-Jersey the property of a stranger, though on the demised premises, is not liable for rent, the complainants are entitled to the mortgaged property in this case free from the claim of rent; that it is simply the case of a, lending of personal property by a stranger to a tenant, and that property so lent is not liable for rent; that the property is not that of the tenant, and the landlord therefore could not dis-train it.
This position would not decide this,case, if it were maintainable : for beyond this lies the question, what is mortgaged by a mortgage by one partner of his interest in the partnership goods to secure his individual debt ? But 1 am not prepared to admit the correctness of the position. To cost it, we must suppose this lease to have been made to Godwin alone, and the machinery to have be,cn put in by him alone, and to have been afterwards mortgaged to the complainants, and to have been permitted to remain in the mill, in Godwin’s possession and use, for years after default of payment. Would personal property so situated be considered the property of a stranger and not liable for rent ? To consider our statute as applying to a case like this, would be fraught with most serious mischief. As respects the landlord, at least, it would be considered the property of the tenant.
But the rent in this ca.se is the debt of the partnership of Benson and Godwin, and the mortgage is to a separate creditor of Godwin, of Godwin’s interest in the partnership property. The general doctrine applicable to such a state of things, was admitted by the counsel of the complainants; but he contended, that the interest so mortgaged would only be subject to the *338 partnership debts which existed at the time of the mortgage. I might here say again that the complainants, on taking a decree to sell the interest mortgaged, and selling it, would put themselves, if they bought, or the purchaser who should buy, on ground on which they, or such purchaser, might attempt to maintain this position before the proper tribunal and. between the proper parties; and I do not feel called on to express any opinion about it. But lam willing to say that, as at present advised, I think the position cannot be maintained.
An absolute assignment by Godwin of all his interest in this mill and machinery, would have dissolved this partnership : 17 Johns. Rep. 525. Did this mortgage dissolve the partnership? I apprehend not; and it certainly was not so supposed or intended, either by Godwin or-the complainants; on the contrary, the partnership and its business had ever since continued and still continues, and .the property, Godwin’s interest in which was mortgaged, has ever since remained in the possession of the partnership, and in their use, on the demised premises, in their partnership business. This brings the case to the answer given to the first ground taken by the complainants’ counsel. But beyond this the partnership has continued and still continues, and that by the consent of the mortgagees.
They must be considered as assenting to a continuance of the partnership, till they by means of this mortgage effect an absolute assignment of Godwin’s interest in the property, and thereby effect a dissolution of the partnership. This they have had it in their power to do ever since Godwin’s- default in payment to them; and it w'ould be extraordinary if they could now demand an account of the partnership as it stood ten years ago, and strike from the debit side all debts then existing ^against the partnership which have since been paid, and thus produce a balance due Godwin sufficient to satisfy them.
My opinion is, that the interest of Godwin to which the complainants will be entitled, will be that which, on a settlement of the accounts of the partnership, after the dissolution which will he effected by the sale under the complainants’ mortgage, God-win would be entitled to after paying the debts of the partnership.'
Decree accordingly.